Filed 12/26/24  P. v. Lopez CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ROBERTO CAMPA LOPEZ,<br><br>    Defendant and Appellant. | H051271<br>(Santa Clara County<br> Super. Ct. No. 200871) |

Defendant Roberto Campa Lopez moved for resentencing under what is now Penal Code section 1172.75 because enhancements for prior prison sentences—or "prison priors"—were included in his sentence.  (Subsequent undesignated statutory references are to the Penal Code.)  The trial court denied Lopez's motion because the punishment for those prison priors was stayed.  Following this district's opinion in *People v. Renteria* (2023) 96 Cal.App.5th 1276 (*Renteria*), we reverse and remand for resentencing.

## I.  BACKGROUND

Because the facts underlying Lopez's offenses are not relevant to this appeal, we omit them and focus on the proceedings in this matter.

In 1997, the district attorney filed an information charging Lopez with a felony count for assault with a deadly weapon in violation of section 245, subdivision (a)(1) and a misdemeanor count for resisting arrest in violation of section 148, subdivision (a).  The

information also alleged eight prior strike offenses, four prior serious felonies, and—most pertinently here—six prison priors. At trial, the jury found Lopez guilty on both counts, and the allegations of prior strike offenses, serious felony convictions, and prison priors were all found true.

Because of the prior strikes, Lopez was sentenced under the "Three Strikes" law (§§ 667, subds. (b)-(i), 1170.12) to 25 years to life for the assault conviction. The trial court also imposed 20 years for the four prior serious felonies and a concurrent sentence of six months for the misdemeanor. Finally, the trial court included in the sentence six prison priors, but stayed punishment for them. In 2013, Lopez filed a petition for resentencing under the Three Strikes law and in 2021 a petition under section 1016.8, both of which were denied.

In April 2022, based on the prison priors included in his sentence, Lopez moved for resentencing under Senate Bill No. 483 (2021-2022 Reg. Sess.) (Sen. Bill. 483), which is now codified in section 1172.75. (Stats. 2021, ch. 728, § 3 [enacting former § 1171.1]; Stats. 2022, ch. 58, § 12 [moving former § 1171.1 to § 1172.75].) After counsel was appointed, Lopez again moved for resentencing under section 1172.75. The trial court denied the motions, reasoning that section 1172.75 only "applies to persons for whom a section 667.5(b) enhancement was imposed and executed."

Lopez filed a timely notice of appeal.

## II. DISCUSSION

Lopez argues that the trial court erred in denying his motion for resentencing because section 1172.75 requires resentencing whenever a now-invalid prison prior was imposed, whether punishment for the prison prior was executed, stayed, or struck. We review this question of statutory interpretation de novo. (*Renteria*, *supra*, 96 Cal.App.5th at pp. 1281-1282.) In keeping with prior decisions from this district, and with the majority of decisions from other districts, we conclude that section 1172.75 applies and requires resentencing where, as here, a prison prior was imposed but stayed.

When first enacted, section 667.5, subdivision (b) imposed one-year enhancements for prior prison terms served unless the defendant remained free of custody for at least five years. (Stats. 1976, ch. 1139, § 268; see also Stats. 2011, ch. 15, § 443 [extending enhancement to terms served in county jail].) In 2019, the Legislature amended the section to bar enhancement for prior prison terms for all offenses except sexually violent ones. (Stats. 2019, ch. 590, § 1.) Two years later, Sen. Bill. 483 made this change retroactive by enacting what is now section 1172.75. (Stats. 2021, ch. 728, § 3; see also Stats. 2022, ch. 58, § 12.) Under section 1172.75, subdivision (a), "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . [,] is legally invalid." (§ 1172.75, subd. (a).)

Section 1172.75 also requires resentencing of individuals serving sentences containing now-invalid prison priors. If the Department of Corrections and Rehabilitation identifies, and the sentencing court verifies, that an individual is "currently serving a term for a judgment that includes an enhancement described in subdivision (a)" (§ 1172.75, subds. (b), (c)), section 1172.75 requires the sentencing court to recall the sentence and resentence the individual. (§ 1172.75, subd. (c).) In such resentencing, the court must apply any changes in law reducing sentences or providing judicial discretion. (§ 1172.75, subd. (d)(2).) In addition, resentencing must result in a "lesser sentence" unless the court finds by clear and convincing evidence that a lesser sentence would endanger public safety. (§ 1172.75, subd. (d)(1).)

In 2023, a decision from this district held that section 1172.75 requires resentencing where, as here, a now-invalid prison prior was imposed but punishment was stayed. (See *Renteria*, *supra*, 96 Cal.App.5th at pp. 1282-1283.) A 2024 decision from this district similarly held that section 1172.75 requires resentencing where a now-invalid prison prior was imposed but punishment was stricken. (*People v. Espino* (2024) 104 Cal.App.5th 188, review granted Oct. 23, 2024, S28698.) Decisions from the Third,

3

Fourth and Fifth Districts agreed that section 1172.75 applies where a now-invalid prison prior was imposed but stayed. (*People v. Mayberry* (2024) 102 Cal.App.5th 665, 673-676, review granted Aug. 14, 2024, S285853 (*Mayberry*) [Fifth District]; *People v. Saldana* (2023) 97 Cal.App.5th 1270, 1272-1273, review granted Mar. 12, 2024, S283547 (*Saldana*) [Third District]; *People v. Christianson* (2023) 97 Cal.App.5th 300, 314, review granted Feb. 21, 2024, S283189 (*Christianson*) [Fourth District].) One decision from the Fourth District disagreed. (*People v. Rhodius* (2023) 97 Cal.App.5th 38, 40-41, 45, 48-49, review granted Feb. 21, 2024, S283169.) The Supreme Court has granted review in all these decisions except our initial one.

Following the weight of authority, we interpret section 1172.75 to apply where a now-invalid prison prior was imposed but punishment was stayed. As noted above, section 1172.75 requires resentencing of individuals serving a "judgment [that] includes an enhancement described in subdivision (a)" (§ 1172.75, subd. (c)), and subdivision (a) in turn declares invalid "[a]ny sentence enhancement that was imposed" for a prior prison term not involving a sexually violent offense. (§ 1172.75, subd. (a).) In the context of an obligation or penalty, the ordinary and usual meaning of the word "impose" is "to make, frame, or apply (as a charge, tax, obligation, rule, penalty) as compulsory, obligatory or enforce[a]ble." (Webster's 3d New Internat. Dict. (1993) p. 1136, col. 1; see also American Heritage Dict. (5th ed. 2011) p. 883, col. 2 [defining "impose" to mean "establish or apply as compulsory" or "bring about by authority or force"].) As a consequence, section 1172.75, subdivision (a) is naturally read to declare invalid any prison prior not involving sexually violent offenses that was made against or applied to a defendant, without regard to whether punishment for that prison prior was executed, stayed, or struck.

The word "impose" may be interpreted more narrowly. In construing a statute concerning firearm enhancements, the Supreme Court noted that, while "the word 'impose' applies to enhancements that are 'imposed and then *executed*' as well as those

4

that are 'imposed and then *stayed*,' " the word is also used "as shorthand to refer to the first situation." (*People v. Gonzalez* (2008) 43 Cal.4th 1118, 1125, italics in original (*Gonzalez*).) The Supreme Court also concluded that the firearm enhancement statute before it should be interpreted to use the word "impose" in this shorthand manner because that interpretation harmonizes with other provisions in the statute, comports with the policy in favor of staying rather than striking enhancements, and furthers the statutory objective of punishing use of guns in committing crimes. (*Id.* at pp. 1126-1129.)

Attempting to analogize this case to *Gonzalez*, the Attorney General argues that section 1172.75 should be interpreted to use the word "impose" narrowly as shorthand for "imposed and executed" because that interpretation comports with section 1172.75's requirement that resentencing generally "result in a lesser sentence than the one originally imposed." (§ 1172.75, subd. (d)(1).) In particular, the Attorney General asserts that resentencing under section 1172.75 cannot reduce the term served by an individual unless imposition of a now-invalid prison prior increased the term in the first place. However, contrary to the Attorney General's implicit assumption, section 1172.75 does not require that resentencing generally result in a shorter term; it requires that resentencing generally result "in a *lesser* sentence." (§ 1772.75, subd. (d)(1), italics added.) Moreover, a sentence without a stayed prison prior is a lesser sentence. Even when punishment for a prison prior or other sentencing enhancement is stayed, imposition of the enhancement creates "the potential for an increased sentence" because the trial court retains the ability, under certain circumstances, to lift the stay and execute the stayed enhancement. (*Christianson*, *supra*, 97 Cal.App.5th at p. 312, rev.gr; see also *Mayberry*, *supra*, 102 Cal.App.5th at p. 674, rev.gr. ["Imposed-but-stayed prison prior term enhancements carry the possibility of execution."]; *Saldana*, *supra*, 97 Cal.App.5th at p. 1278, rev.gr. ["The presence of a stayed term or enhancement is not without significance; it is part of the sentence and remains available if its execution becomes necessary and proper for any legally sanctioned reason."].) Consequently, as most courts considering the Attorney

5

General's argument have recognized, when a prison prior is stayed, eliminating the prior results in a "lesser" sentence than the one originally imposed. (*Mayberry*, *supra*, 102 Cal.App.5th at pp. 674-675, rev.gr.; *Saldana*, *supra*, 97 Cal.App.5th at p. 1278, rev.gr.; *Christianson*, *supra*, 97 Cal.App.5th at p. 312, rev.gr.)

The Attorney General also argues that, where a prison prior was imposed but punishment was stayed, resentencing would not further the purposes of section 1172.75. In particular, the Attorney General contends that resentencing under the section has two purposes—reducing the impact of sentence enhancements on minority communities and freeing up funding for community-based services—neither of which is served by eliminating a prison prior that was stayed and did not increase the individual's term of imprisonment in the first place. In fact, in at least some cases, resentencing an individual with prison priors that were stayed will result in a shorter term of imprisonment: Section 1172.75 requires resentencing courts to "apply any other changes in law that reduce sentences or provide for judicial discretion" (§ 1172.75, subd. (d)(2)), and sometimes application of such changes will reduce an individual's sentence.

Even more important, it is doubtful that the Legislature had only two purposes in enacting what is now section 1172.75. As our Supreme Court has recognized, "[l]egislation is frequently ' "the product of multiple and somewhat inconsistent purposes that led to certain compromises." ' " (*People v. Hardin* (2024) 15 Cal.5th 834, 854.) Among other things, the Legislature may choose to pursue a primary objective or set of objectives by adopting implementing rules that are simple and easy to administer but somewhat overinclusive—such as applying section 1172.75 to all now-invalid prison priors that were imposed, without regard to whether punishment was executed, stayed, or struck. None of the evidence of legislative intent cited by the Attorney General excludes this possibility.

We therefore join the prior decisions of this district, and the majority of decisions in other districts, in interpreting section 1172.75 to apply to all now-invalid prison priors imposed on a defendant, whether the priors were stayed or executed.

Lopez also argues that on remand he is entitled to full resentencing under current law. The Attorney General concedes that Lopez is entitled to full resentencing, but argues that this resentencing should include the current penalty provisions of the Three Strikes law. We agree that Lopez is entitled to full resentencing: Section 1172.75 states that in resentencing "[t]he court shall apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion" (§ 1172.75, subd. (d)(2)) and "may consider postconviction factors" (§ 1172.75, subd. (d)(3). Thus, "[b]y its plain terms, section 1172.75 requires a full resentencing . . . ." (People *v. Monroe* (2022) 85 Cal.App.5th 393, 402.) However, because the applicability of the Three Strikes law was not at issue in the underlying section 1172.75 proceeding, we express no view on any potential application of the Three Strikes law at Lopez's resentencing or how the trial court should exercise any sentencing discretion it may have.

### III. DISPOSITION

The order denying Lopez's motion for resentencing is reversed. The matter is remanded to the trial court, which is directed to recall Lopez's sentence and resentence him consistent with Penal Code section 1172.75 and current law.

7

_____

BROMBERG, J.

WE CONCUR:

_____

GREENWOOD, P. J.

_____

DANNER, J.

*People v. Lopez*
H051271